# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Cedar Business Center Property LLC,

            Plaintiff,

                                  Civ. No. 11-152 (RHK/AJB)

v.                                     **ORDER**

Bluegreen Vacations Unlimited, Inc.,

            Defendant.

---

      This matter is before the Court *sua sponte*.

      By Order dated January 24, 2011 (Doc. No. 2), the Court ordered Plaintiff Cedar Business Center Property LLC ("Cedar") to file an Amended Complaint clarifying its citizenship in this diversity action, as Cedar is a limited liability company and the initial Complaint did not identify its members (or their citizenship). Cedar has now filed an Amended Complaint in which it alleges that its sole member is Golden Corridors Holding Company, LLC, a Delaware limited liability company with its principal place of business in Minneapolis. (Am. Compl. ¶ 2.) The Amended Complaint further alleges that the sole member of Golden Corridors Holding Company, LLC, is Golden Corridors Properties, LLC, a Delaware limited liability company with its principal place of business in Minneapolis. (Id. ¶ 3.) No allegations concerning the members of Golden Corridors Properties, LLC are found in the Amended Complaint, however.

      As the Court previously noted, Cedar bears the burden of pleading facts establishing the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108

F.3d 158, 161 (8th Cir. 1997). Doing so required it to plead "with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). Once again, it has failed to do so.

As a limited liability company, Cedar's citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Where those members are themselves limited-liability companies, the citizenship of *their* members must also be alleged. In other words, "[i]f the members [of an LLC] are themselves . . . LLCs, . . . their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members . . . there may be." Wright v. JPMorgan Chase Bank, NA, No. 09-cv-482, 2009 WL 854644, at *1 (W.D. La. Mar. 26, 2009); accord, e.g., Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships.").

Based on the foregoing, **IT IS ORDERED** that Cedar shall redress the deficiencies set forth above on or before February 7, 2011, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date: February 1, 2011

s/Richard H. Kyle<br>
RICHARD H. KYLE<br>
United States District Judge